I dissent from the judgment of the majority opinion but concur in the syllabus. *Page 129 
The Workmen's Compensation Act provides that benefits should be computed upon the basis of "the average weekly wage of the injured person at the time of the injury." This court, in the instant case and in the case of State, ex rel. Kildow, v.Industrial Commission, 128 Ohio St. 573, 192 N.E. 873, construed the words "at the time of the injury" as meaning that the Industrial Commission, in arriving at a basis for compensation, should consider the shortest possible time immediately preceding the injury as would enable it to intelligently determine an average weekly wage at the time of the injury. However, neither case attempts to declare what specific period of time constitutes "the shortest possible time" except that it must be of such duration as "will enable the commission to fairly and intelligently determine" the average weekly wage. In other words, the period of time to be considered must depend entirely upon the facts and circumstances of the particular case under consideration, and that period of time which may be the shortest possible time in one case may be too short or too long a time in another case.
Now what are the facts in this case which should determine the period of time to be taken into consideration?
Decedent was a salesman of washing machines, employed on a commission basis, having been in the service of the same employer for considerably more than a year. The product he was selling was seasonal, the volume of sales increasing during certain seasons of the year and declining in other seasons of the year; so that decedent's earnings during the year increased and diminished accordingly.
Decedent was injured on January 4, 1932. During the year preceding his injury his earnings amounted to $1123.68, or an average of $21.61 per week. In arriving at decedent's average weekly wage the commission considered the 10 1/7 weeks preceding decedent's *Page 130 
injury, which period represented the slump season of decedent's employment, and determined his average weekly wage to be $3.52. In making its findings the commission said that "decedent's commissions sharply declined after August 22, 1932, due to the combined effects of the seasonal slump [italics mine] and the general depression in business, and that decedent only earned as commission from that date to the date of his injury, January 4, 1932, a total amount of $110.65 and that for the period of 10 1/7 weeks prior to his injury he earned commissions amounting to $35.81 and was paid that amount by the employer in two payments or an average weekly wage of $3.52 which the commission now determines was the decedent's average weekly wage at the time of injury."
Notwithstanding the fact that the commission finds that the seasonal slump contributed to the sharp decline in decedent's earnings, the majority opinion refuses to consider the element of seasonal slump and holds that 10 1/7 weeks is sufficient for an intelligent determination of the average weekly wage.
The commission admits that the seasonal slump played a part in the decline of decedent's earnings, but does not undertake to state what part it played, large or small, and it cannot fairly so state because it is not a matter subject to specific proof; nor can the commission find the extent to which the economic depression affected decedent's income because that likewise is not a matter capable of proof. The commission therefore is without facts concerning that question and may be said to be in doubt as to the effect of either upon decedent's income or the relative role each played in effecting the slump in earnings.
This being a case under the Workmen's Compensation Act, which was enacted for the benefit of injured employees and their dependents, all matters of doubt must be resolved in favor of the workman and his dependents, and the commission would be justified, under *Page 131 
the circumstances in the case, in finding that decedent's earnings were affected chiefly by the seasonal slump rather than by the depression. This being so, what, in fairness to the workman and his dependents, should be the shortest possible period of time to be considered in order to intelligently arrive at his average weekly wage? Is it just and fair to consider only the period of the workman's seasonal adversity in determining his average weekly wage, or is it more intelligent and fair to take a period of time which is more representative of decedent's earnings, which, in seasonal occupations, should include the high and the low cycle of earnings? The average weekly wage, the majority opinion says, must be arrived at logically. Has it been done in this case? When this court says that the shortest possible period of time is to be considered, I take it to mean such a period of time as is reasonable in the light of all the facts and circumstances present in the particular case. The seasonal nature of the business should therefore be considered so that the period of time included shall not centralize either upon the high or the low compensation periods, but one which includes both. The shortest time possible is neither two weeks, ten weeks, nor six months, nor a year, but such a reasonable period of time preceding decedent's injury as will make it possible for the commission to intelligently arrive at a representative weekly wage of decedent's earnings. Any other application of the rule may lead to harsh results, as it does in this case.
A period of one year preceding decedent's injury, including the maximum and the minimum, the highest and the lowest cycles of earnings, is, in my opinion, the shortest possible time required in the instant case to intelligently arrive at decedent's average weekly wage.
As to the earnings of decedent resulting from repair work performed by him independently of his commission contract as salesman, I concur with the majority *Page 132 
in holding that the commission was right in excluding such earnings from its calculations.